UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

R. FRANCIS DIPRETE,
    Plaintiff,

v.

HARMON LAW OFFICES, P.C. and
SETERUS, INC.,
    Defendants.

C.A. NO.: 15-CV-00402-M-LDA

### HARMON LAW OFFICES, P.C.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

**A.  Introduction.**

NOW comes defendant, Harmon Law Offices, P.C. ("Harmon"), and provides this memorandum of law in support of its motion for judgment on the pleadings. As set forth in Harmon's motion and as further explained below, Harmon is entitled to judgment of dismissal on the pleadings on all claims in plaintiffs' complaint.

As an initial matter, Harmon points out that—despite plaintiff's *pro se* filing of this matter—plaintiff is an experienced member of the Rhode Island Bar (admitted in 1998). Additionally, this case is not plaintiff's first attempt to challenge the foreclosure of his long-delinquent mortgage, having previously filed suit against MERS (the original mortgagee) and Bank of America (the prior loan servicer) in this Court as Civil Action No. 12-CV-316-M-LDA. That prior action was dismissed by the Court for plaintiff's failure to appear, either pro se or through successor counsel, following the withdrawal of the filing attorney. During the three plus years since the prior action was filed, there appear to have been no substantive efforts by plaintiff to cure his default on the loan.

Rather, the appearance is that plaintiff has a long-delinquent mortgage (the servicer's loan history suggests a March 1, 2011 default date) and a history of specious court filings to merely delay foreclosure of his loan without resolution of the underlying default. Nothing in this chronology or in the few factual allegations put forth in plaintiff's complaint would support plaintiff's prayers for equitable relief.

Not satisfied with his efforts to thwart the mortgagee's statutory and contractual rights to foreclose its interest on the property, plaintiff has now inexplicably sued Harmon, the law firm representing the mortgagee in the subject foreclosure action. As an attorney himself, and as a party bound by Rule 11's pleading requirements, plaintiff should know better.

  B. **Factual Allegations.**

The salient facts in this matter are few and far between, as plaintiff's complaint is threadbare of any allegations that would support his claims against Harmon for injunctive or other relief. As presented in the complaint, the sole facts even related to Harmon are as follows:

1. "Seterus has engaged the Harmon Law Office to foreclose on Plaintiff's mortgage on his principal residence." Complaint, ¶ 7.

2. "On Friday, September 18, 2015, the Plaintiff faxed and mailed to Harmon a 'Cessation' letter demanding cancellation of the scheduled Foreclosure and related advertising."[1] and an alleged miscalculation of the amounts claimed due in the Acceleration letter. Complaint, ¶ 10.

---

[1] The letter claimed that cancellation was necessary because (a) *Seterus* had not complied with RIGL § 34-27-3.2 and (b) calculations of the amount alleged due in the acceleration letter were incorrect.

3. "On September 18, 2015, approximately five hours after the Plaintiff faxed the 'Cessation' letter to Harmon, Harmon faxed back a reply but failed to mention its oversight of not complying with the Mediation rule." Complaint, ¶ 11.

4. "Harmon, the entity seeking to foreclose, has not complied with the Mediation requirement." Complaint, ¶ 14.

No other factual allegations are levied at Harmon, although plaintiff's complaint asserts the (incorrect) legal conclusions that (a) Harmon failed to comply with RIGL § 34-27-3.2 and (b) Harmon provided inaccurate calculations of the debt owed in the acceleration letter it sent to plaintiff on behalf of its client. See Complaint, ¶¶ 8 and 9, respectively.

Perhaps more important than what plaintiff alleges in his complaint are the facts he DOES NOT allege. Plaintiff does not allege that he is current on his mortgage. Plaintiff does not allege that his default occurred after the May 16, 2013 date that would entitle him to the statutory mediation provided for by RIGL § 34-27-3.2. Plaintiff does not allege that Harmon is the record mortgagee of his mortgage or that Harmon has any legal or equitable interest whatsoever in his loan. Plaintiff does not allege that Harmon, attorneys for his adversary, the mortgagee in the foreclosure process, owed him any contractual or other duty.

    C.    **Standard of Review.**

The standard of review of a motion for judgment on the pleadings under Rule 12(c) is the same as the standard of review of a motion to dismiss under Rule 12(b)(6). *Mayfields v. Fair Isaac Corp.*, 2015 WL 566444 (D.R.I., Feb.10, 2015) citing *Collier v. City of Chicopee,* 158 F.3d 601, 602 (1st Cir.1998); *Frappier v. Countrywide Home*

*Loans, Inc.,* 750 F.3d 91, 96 (1st Cir.2014) ("standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)").

Even though the Court is required to view well-pleaded facts in the in the light most favorable to plaintiff, "[t]he court's assessment of the pleadings is context-specific, requiring the court 'to draw on its judicial experience and common sense.'... Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Mayfields*, *supra*, citing *Camilo v. Nieves,* Civ. No. 10–2150(DRD), 2013 WL 6632801, *6 (D.P.R. Dec. 16, 2013) (quoting *Iqbal,* 556 U.S. at 680) (internal quotations and alterations omitted).

Because—looking through the lens of "judicial experience and common sense"—the facts as pleaded do not give rise to any inference of probability of entitlement to relief against Harmon, judgment on the pleadings is appropriate here.

**D.      Argument.**

Under a generous reading of plaintiff's complaint, the essential claim is that plaintiff believes he is entitled to mediation—and possibly a review for a loan modification—before his property can be foreclosed. Based on this basic claim, plaintiff demands equitable relief to stop the foreclosure, to compel mediation and to compel a review and accounting of his loan.

**I.      Harmon, as attorneys for the plaintiff's adversary, is immune from liability to its non-client.**

As applied to Harmon, all of plaintiff's relief must be denied because Harmon, as legal counsel for the mortgagee and its loan servicer, is simply the wrong party from

which the requested relief should be sought. "Generally speaking an attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Nash v. GMAC Mortgage, LLC*, Civil Action No. 10-cv-00493, 2011 WL 2470645, at * 13 (D.R.I. 2011, Report and Recommendation dated May 18, 2011, adopted June 20, 2011) citing *Sain v. HSBC Mortgage Servs., Inc.,* Civil Action No.: 4:08–cv–2856–TLW–TER, 2009 U.S. Dist. LEXIS 77336, at *14 (D.S.C. Aug, 3, 2009)) (internal quotation marks omitted); see also Rest.3d of the Law Governing Lawyers § 1f ("With respect to claims of a nonclient, a lawyer is generally immune from liability for harm caused unintentionally except in limited circumstances ....").

Plaintiff's complaint expressly acknowledges that Seterus engaged Harmon to foreclose on his mortgage, see Complaint, ¶ 7, so there can be no doubt that Harmon was representing its client in a matter adverse to plaintiff. See *Nash, supra,* citing *Credit Union Central Falls v. Groff,* 966 A.2d 1262, 1270 (R.I.2009)("Generally, an attorney owes no duty to an adverse party."); see also *Westport Insurance Corp. v. Cotten Schmidt, LLP,* 605 F.Supp.2d 796, 801 (N.D.Tex.2009) ("So long as the attorney is engaged in the conduct at issue as part of the discharge of his duties in representing his client, that conduct is not independently actionable even if frivolous or without merit.").

Because plaintiff has not alleged any action by Harmon that would fall outside this general rule, Harmon is entitled to a judgment of dismissal on the pleadings.

## II. Harmon is not the foreclosing entity and injunctive relief is not proper against it.

Even if the Court were to look past this general rule to the merits of the respective claims and prayers for relief, it remains abundantly clear that plaintiff cannot establish any basis for having sued Harmon in this matter as the plaintiff's complaint seeks solely injunctive relief to enjoin foreclosure of a mortgage on plaintiff's property pending mediation and review for loan modification. The relief sought by plaintiff is simply not available to him from Harmon. Harmon holds no legal or equitable interest in plaintiff's loan or mortgage, nor does plaintiff's complaint allege that Harmon does. Without any interest in the loan to be modified or the rights to be mediated, Harmon is entirely unable to give plaintiff the relief he seeks.

Because there is no allegation that Harmon has any interest in the mortgage being foreclosed and no possible relief that Harmon can provide, any claim that Harmon should be enjoined must fail and Harmon is entitled to judgment of dismissal.

## III. The plaintiff is not entitled to mediation because of the statutory exemption.

Plaintiff is simply wrong in claiming that the pre-foreclosure mediation statute is applicable to his loan. RIGL § 34-27-3.2 applies only to loans that went into default after May 16, 2013:

> (o) The provisions of this section shall not apply if:
> (1) The mortgage is a reverse mortgage as described in chapter 25.1 of title 34; or
> (2) *The date of default under the mortgage is on or before May 16, 2013*.

RIGL § 34-27-3.2(o). (Emphasis added.) Plaintiff's loan went into default on or about March 1, 2011. Although there is no allegation in the pleadings that expressly identifies that date as the date of default, there is no allegation that plaintiff's default occurred after

6

this May 16, 2013 date either.  Moreover, the fact that plaintiff previously filed suit in April 2012 to challenge a prior foreclosure strongly indicates that plaintiff's default, whatever the specific date, occurred at least prior to April 2012, and thus prior to the May 16, 2013 date that would render the loan subject to RIGL § 34-27-3.2.  Applying the Court's "judicial experience and common sense," plaintiff has failed to raise any plausible inference that the statute would even apply to his loan.

> IV. **<u>Harmon, as attorneys for the plaintiff's adversary, is not the mortgagee and has no duty to participate in mediation.</u>**

Even if plaintiff were somehow able to establish entitlement to pre-foreclosure mediation under RIGL § 34-27-3.2, the statute addresses actions required of the *mortgagee*:

> (d) **The mortgagee shall**, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), provide to the mortgagor written notice at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices, that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference. Notice addressed and delivered as provided in this section shall be effective with respect to the mortgagor and any heir or devisee of the mortgagor.

RIGL § 34-27-3.2(d).  (Emphasis added.)

Because there is no allegation that Harmon has any interest in the mortgage, any claim that Harmon should be compelled to mediate with plaintiff must fail as Harmon is not responsible for compliance with the statute and is thus entitled to judgment of dismissal.  Any relief plaintiff seeks with regard to mediation or loan modification must come from the non-sued record mortgagee, Fannie Mae, or the mortgagee's loan servicer, defendant Seterus, which apparently has still not been served.  Harmon simply has no

7

ability to mediate or bargain away its clients' interests in the note and mortgage at the root of plaintiff's claims.

### V. The Imposition of a penalty is not a remedy available to the plaintiff.

Plaintiff's complaint seeks imposition of the penalty proscribed in RIGL § 34-27-3.2. As set forth above, there is no allegation that Harmon has any interest in the mortgage, so Harmon is not bound to comply with RIGL § 34-27-3.2. Moreover, the only remedy proscribed in RIGL § 34-27-3.2 that would be available to plaintiff is the *voidability* of a non-compliant foreclosure. As previously stated, however, because plaintiff's default occurred prior to May 16, 2013, he is not entitled to mediation under the statute and, at any rate, there has been no foreclosure, yet, to be ruled void. Although RIGL § 34-27-3.2 provides for a fine in the event of untimely mediation notice, that fine is collected by the mediation coordinator for transfer to the state. See RIGL § 34-27-3.2(d)(2). There is no provision for any penalty payable to the borrower under the statute. Because Harmon is not a mortgagee subject to the statute, and because the statute does not otherwise provide for any private penalty for non-compliance, Harmon is entitled to judgment of dismissal.

### VI. Plaintiff's request to discuss calculations is not a civil action.

Plaintiff's complaint seeks an "opportunity to discuss the calculations presented in the Acceleration Letter and other documents by Harmon to the Plaintiff *to test for accuracy*." (Emphasis added.) A Federal civil action is not the proper forum to test the accuracy of an accounting; it is a forum for resolution of actual controversies. Plaintiff has identified no actual controversy, only a mere suspicion regarding the accuracy of the amounts claimed owed under the mortgage. Because such a request for relief is based, not on allegations of fact that would support a claim for relief, but on a request to discuss

calculations to investigate the mere possibility of an accounting error, plaintiff's claim must fail and Harmon is entitled to judgment of dismissal.

> VII. **Plaintiff has alleged no basis for recovery of his costs and fees in this action.**

Finally, plaintiff's complaint seeks reimbursement of court costs and attorneys' fees, however plaintiff has not alleged that he has incurred any such fees, nor has plaintiff identified a single legal basis (e.g. a contract or a statute) for demanding payment of these fees by Harmon or any other party. As such, plaintiff's claim must fail and Harmon is entitled to judgment of dismissal.

> E.   **Conclusion.**

Based on the foregoing, plaintiff has failed to present any factual allegations that would support any liability against Harmon in this matter. Not only does plaintiff fail to allege any facts that would give rise a plausible inference of misconduct by Harmon, the relief plaintiff seeks in enjoining foreclosure and compelling mediation and loan modification review are remedies Harmon—which holds no interest in plaintiff's loan or mortgage—cannot possibly give.

Although this Court has referred this matter to mediation with Berry Mitchell, such mediation is not in any position to proceed given plaintiff's delay in serving the other named party (not to mention his failure to name the actual mortgagee of record). At any rate, mediation as to Harmon would be futile given—as explained above—Harmon's complete lack of any legal or equitable interest in the loan and mortgage plaintiff wants to mediate and/or modify. Accordingly, Harmon respectfully asks this Court to address this motion without holding the matter over for completion of mediation.

WHEREFORE, Harmon requests that this Court:

1. Grant Harmon judgment of dismissal on the pleadings as to all counts of plaintiff's complaint.

2. Grant such additional or alternative relief as the Court deems reasonable and just.

Respectfully submitted  
**HARMON LAW OFFICES, P.C.**  
By its Attorney,

/s/ *Scott C. Owens*  
Scott C. Owens, Esq. #8831  
Harmon Law Offices, P.C.  
150 California Street  
Newton, MA 02458  
Direct: (617) 558-0738  
Fax: (617) 243-4038  
sowens@harmonlaw.com

Dated: January 11, 2016

## **CERTIFICATION**

I, Scott C. Owens, hereby certify that on this 11th day of January, 2016, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Scott C. Owens*  
Scott C. Owens, Esq.